Miller *v.* Adsit.

had been delivered, it was evasive. The plaintiff contended that the bill was not evasive, but a *bona fide* compliance with the order.

---

## MILLER *vs.* ADSIT.(a)

A party in interest *defending* an action *in the name of another,* is not liable to the plaintiff for costs.

MOTION by the plaintiff, that *Edwin R. Ball* pay the costs which have been adjudged *against the defendant.* The suit was *replevin,* commenced in the Rensselaer common pleas, for a pair of horses which the defendant had taken as a constable, on an execution in favor of *Ball* against *Jacob Coon.* Judgment was rendered for the *defendant* in the common pleas—the plaintiff brought error to this court, where the judgment was *affirmed*—and he then removed the record into the court for the correction of errors, where the judgment was *reversed ;* and costs in that court and in this, awarded against the defendant, and a *venire de novo* directed to issue in the common pleas. The costs, in the court of errors and in this court, have been taxed at $419.32, for the recovery of which, execution has been issued against the defendant, and returned *nulla bona.* The plaintiff now asks an order that *Ball* pay the costs, on the ground that he was the *party in interest*—that he employed the attorney and conducted the defence throughout. There is much conflict in the affidavits, for and against the motion.

*J. N. Cushman & J. A. Spencer,* for the motion.                    [673]
*S. Stevens,* contra.

*By the Court,* BRONSON, J.   Ball swears that he delivered his execution to the defendant Adsit, and directed him to collect the money, but gave him no direction to levy on any particular property. He denies any agreement express or implied to indemnify the constable, or that he is under any legal or other obligation to do so, unless directing him to levy and collect the execution, imposed such obligation. He also denies having employed or agreed to pay counsel in the replevin suit, and says that the defence was not directed or conducted by him, but by Adsit. Adsit has made an affidavit in favor of the motion, and another in opposition to it. The statements in the two affidavits are so much at variance as to prove him utterly unworthy of credit. It is far from being clear on the papers, as the plaintiff insists, that Ball, instead of Adsit, was the real party in interest, or that he carried on the defence to the replevin suit. He was a creditor of Coon, and believed that an effort was made to defraud him of his debt. When the horses had been taken by virtue of his execution, and subsequently replevied, he undoubtedly felt an interest in the litigation between the plaintiff and the constable ; and whether his debt would ever be collected probably depended on the success of the defence. He spoke in decided terms of the alleged fraudulent conduct of his debtor, and said the defence would prove successful. The facts on which the plaintiff relies are not fully established, and if the principle for which he contends could be maintained, there would be some difficulty in granting the motion. But what is the case, looking at the facts in the most favorable light for the plaintiff? Ball directed the constable to take the horses. When the replevin suit was commenced he united with the constable in employing an attorney,

(a) Decided May, 1837.

and throughout the whole litigation he advised and aided in carrying on the defence. The collection of his debt against Coon, depended on defeating the plaintiff in his action of replevin. If all these facts were established, I should still be of opinion that Ball was not liable to the plaintiff for costs.

The general principle is, that an assignee, or other party in interest, who commences and carries on a suit in the name of another, shall, if the action fail, answer to the defendant for costs; and the payment may be enforced by attachment. (*Norton* v. *Rich*, 20 *Johns.* 475. *Schoolcraft* v. *Lathrop*, 5 *Cowen*, 17. *Colvard* v. *Oliver*, 7 *Wendell*, 497.) And if an assignment of the demand is taken after suit brought, the assignee will be liable for costs already accrued, as well as those which are made by himself. (*Jordan* v. *Sherwood*, 10 *Wendell*, 622.) When courts of law permitted the assignee of a chose in action to sue in the name of another, and protected him against all interference by the nominal plaintiff, it was clearly right that he should be deemed the real party for all purposes, and as such, that he should answer for costs if the action failed. In such cases it is the assignee, and not the nominal plaintiff, who brings the suit. It is his act by which the defendant is called into court, and if the event proves that he was asserting an unfounded claim, he ought to pay the costs to which the defendant has been subjected; but here the plaintiff has sued and recovered against Adsit, and now calls upon a third person to take the defendant's place, and pay the costs. And this, too, in a case where, according to his own account of the matter, he had an election against whom the suit should be brought. If Ball directed the levy on the horses, he was answerable as well as the constable. A suit might have been brought against him alone, or against him and the constable jointly. The plaintiff has made his election to proceed against Adsit, and now after finding him unable to pay, he chooses to consider Ball the real party defendant. There is no precedent for such an application.

I am not aware of any case in which a person *defending* an action in the name of another, has been held liable to the plaintiff for costs, with the single exception of a landlord defending an action of ejectment in the name of his tenant. (*Jackson* v. *Van Antwerp*, 1 *Wendell*, 294.) This exception stands upon peculiar grounds. Many cases must have arisen, where some third person has stood behind the defendant in actions for *torts*, and has carried on the defence; and yet there is no precedent for authorizing the plaintiff to treat him as the party in interest, although he may be so in fact. In the late revision of the statutes, some of the rules which govern courts of law in the exercise of their equitable powers, have been enforced by legislative enactment: and provision has, among other things, been made, for enforcing the payment of costs against persons who are not parties to the record. (2 *R. S.* 619, § 44.) But the provision is in terms, confined to a suit brought *by* an assignee, or person beneficially interested in the recovery, in the name of another. In such cases, the real plaintiff must answer to the defendant, if the suit fails. It is evident that neither the legislature nor the revisers, supposed that the courts ever looked beyond the parties to the record, in enforcing the payment of costs adjudged to the *plaintiff*.

Whether it is expedient to subject a person, who stands behind the defendant on record, to the payment of the plaintiff's costs, is a question which addresses itself to the legislature—not to the courts. Motion denied.