McArthur and Curtis, adm'rs, &c. vs. Hoysradt and others.

A judgment creditor, whose execution has been returned unsatisfied, may file a creditor's bill against the judgment debtor, to reach the interest of the latter in the estate of his deceased father, without making the personal representatives of the father parties to the suit.

The proper decree, upon such a bill, is to direct the appointment of a receiver of the property, equitable interests and choses in action which belonged to the defendant, or in which he had any interest at the commencement of the suit, including the interest of the defendant in his father's estate; and to direct the defendant to assign such property, equitable interests and choses in action, &c., to the receiver; so that the proceeds thereof may be applied to the payment of the complainant's debt and costs.

Where a party who had become insolvent, and who was sued for a debt, conveyed his interest in a farm to his brother, for the purpose of placing it beyond the reach of his creditors, and the brother agreed to pay the fair value of such interest in the farm, but deducted from the purchase money certain sums which were not equitably due to him from the grantor; *Held*, that the purchaser was not entitled to hold the sums thus deducted from the purchase money, as against the creditors of the grantor.

This case came before the chancellor upon an appeal, by the complainants, from a decree of the late vice chancellor of the third circuit, dismissing their bill with costs. The complainants were the administrators of Adam McArthur, who was a surety for the defendant, J. A. Hoysradt, upon a note given to Silas Miller. In May term, 1835, after the death of McArthur, Miller recovered a judgment in the supreme court, against J. A. Hoysradt, as the surviving maker of the note, for about $966. And an execution was issued upon that judgment, and was returned unsatisfied in July term, of the same year. Miller thereupon applied to the complainants, as the personal representatives of McArthur, the surety, for payment; and they paid him the debt, and took an assignment of the judgment. They then filed their bill in this cause, as a creditor's bill against J. A. Hoysradt, to reach his interest in property not subject to execution. They also made a further claim against him, for moneys paid by them upon another note, which their intestate had signed as his surety; but which claim had not been prosecuted to a judgment, at

law. And John Hoysradt was made a defendant in the bill, for the purpose of obtaining a decree to set. aside a conveyance by J. A. Hoysradt, to him, of real estate, as fraudulent, and to reach other property in his hands, belonging to J. A. Hoysradt.

*K. Miller*, for the appellants.

*S. Stevens*, for the respondents.

THE CHANCELLOR. The vice chancellor was clearly wrong, in supposing that this bill was not properly framed, as a creditor's bill, to reach any interest which the defendant J. A. Hoysradt had in the personal estate of his deceased father, or in any other property or things in action, or equitable interests belonging to him. It was not necessary, for this purpose, that the personal representatives of the father should be parties to this suit. For the interest of the judgment debtor in his father's estate, if it was improperly included in the deductions made from the purchase money of his interest in the farm, could have been assigned by him to a receiver, in the usual way. And it might have been recovered, by such receiver, either upon an application to the surrogate, or by a bill in this court, against such personal representatives. Or the receiver might have sold that interest, at public or private sale, under the direction of the court, and have applied the proceeds of such sale to the satisfaction of the complainants' debt. An execution having been issued and returned, unsatisfied, before the judgment was assigned to the complainants, it was not necessary for them to go through with the formality of issuing another execution, subsequent to such assignment. (*Gleason* v. *Gage*, 7 *Paige's Rep.* 121.) The bill should not, therefore, have been dismissed as to J. A. Hoysradt; even if these complainants had no claim against his co-defendant. But the usual decree should have been entered, for the appointment of a receiver of the personal property of the judgment debtor, mentioned in his answer as belonging to him at the commencement of this suit, and of any other property or equitable interest which he then had ; and also of his two-elevenths of two-thir-

McArthur v. Hoysradt.

teenths of the real estate of his deceased father, subject to the life estate of Thomas, as tenant by the curtesy, in two-thirds of the share of his deceased wife. That decree should also have contained the usual directions, to the defendant, to assign all such property, effects and claims, to the receiver, and that the receiver should sell such property, and apply the proceeds to the payment of the complainants' debt and costs. So much of the decree, therefore, as directed the bill to be dismissed with costs as to J. A. Hoysradt, was clearly erroneous, and must be reversed; and a decree must be made against him in conformity with these principles.

The sale of the three-thirteenths of the farm, to the defendant John Hoysradt, after his brother had become insolvent and was about to be sued upon the note upon which the complainants' intestate was a surety, is certainly open to the suspicion that the principal object of that sale was to defraud creditors, by putting the property beyond the reach of execution. I can see no other reason for applying the whole of the $628,62, said to be the price of a part of the personal property of his deceased father, in payment of the $1800, agreed to be given for the three-thirteenths of the farm; instead of deducting, from the $628,62, the amount due to J. A. Hoysradt for his distributive share of the personal estate, and for the distributive share of his sister, Mrs. Schoonmaker, which he had previously purchased. Whatever those distributive shares amounted to was clearly an equitable offset, as against the $628,62. And the balance alone could be honestly applied in part payment for the real estate conveyed to the administrator for his own benefit.

The evidence also shows that the $125 note, given to the Silvernails, for their interest in the personal property of the testator, ought not to have been deducted from the purchase money of the three-thirteenths of the farm. That note was given two days after the conveyance of the interest of the Silvernails in the real estate, to J. A. Hoysradt; for which interest he had given his note, with sureties, for $600. The claim for a share of the personal estate, therefore, was a claim against the personal representatives and not against him. And we accordingly find

that he was not a party to that note.    It is true, Adam A. Hoysradt
says it was given at the same time as the $600 note, and was
for a part of the purchase money of the real estate.    But in that
he is not only contradicted by other witnesses, but by the date
of the note itself.    From the evidence, I have not the least doubt
that it was given in payment of the claim which the Silvernails
made upon the administrators, for their shares of the personal
estate of their grandfather.    And if it was given for J. A. Hoys-
radt's benefit, in any way, it must have been because it was to
be deducted from $628,62, owing to the administrators, in case
he should pay that note.    The judgment of the Hudson River
Bank was also deducted from the $1800, as a part of the con-
sideration money of the deed for the three-fourteenths of the
farm.    But it appears that the horses of J. A. Hoysradt were,
at a subsequent date, turned out to, and sold by John Hoysradt
for that amount.    J. A. Hoysradt received one of the notes taken
on that sale.    But Best shows that the other note of $80, taken
on that sale, was purchased by him, of John Hoysradt.    The
amount of that note should therefore be deducted from the $1800.

Although I am not prepared to decree the sale of the three-
thirteenths of the farm absolutely void, upon the ground of ac-
tual fraud, I am satisfied the complainants have a right to the
several claims above mentioned, as between them and John
Hoysradt; those demands having been improperly deducted
from the purchase money of the farm, as against the creditors
of the grantor.    The decree must, therefore, be reversed as re-
spects John Hoysradt.    And he must be directed to pay, towards
the debt due to the complainants, the amount of the $125 note
and the interest thereon, which was deducted from the $1800,
with interest on the amount of such deduction from the 28th
of January, 1835, the date of the deed; the amount of the $80
note, sold to Best, with interest thereon from the 20th of March,
1835; and the amount of the two distributive shares of J. A.
Hoysradt in the personal estate of his father, with interest on
that amount from the date of the deed of the 28th of January,
1835.    The several amounts to be ascertained by a reference to
a master.

Aikin *v.* Martin.

Neither party is to have costs as against the other, upon this appeal. But the complainants are to have their costs in the court below, against the defendant J. A. Hoysradt. No costs are to be allowed, as between the complainant and the defendant John Hoysradt, up to this time. But the costs of the reference to ascertain the amount for which John Hoysradt is to be accountable, if the parties cannot agree upon the same without the expense of such reference, are to abide the further order of the court; upon the coming in and confirmation of the master's report of the amount due.

Decree accordingly.