## CARPENTER *vs.* MUREN and others.

To avoid a mortgage on account of a fraudulent intent on the part of the mortgagor to hinder and delay his creditors, a fraudulent intent on the part of the mortgagee, also, must be shown. It is not enough to show that the mortgagor made it with the purpose of hindering and delaying his creditors; but the mortgagee must have participated in that purpose, and received the mortgage with that intent.

Including, in a mortgage, debts due or alleged to be due to others, the mortgagee at the same time giving his parol undertaking to pay those debts, will not of itself make the mortgage fraudulent *per se.* In connection with other circumstances, that fact might be some evidence of a fraudulent intention, but nothing more.

So, including in a mortgage a debt to become due from the mortgagor at a future day, is not a fraudulent act in itself.

When a creditor has two debts, one already due and payable, and the other payable at a distant day, he may take security for the payment of both, from his debtor in failing circumstances, without the inference or imputation of fraud.

A debtor in failing circumstances has a perfect right to prefer one of his creditors to another, in the disposition of his estate. And a diligent creditor who secures his claim by legal proceedings, or by a voluntary arrangement with his debtor, is entitled to enjoy all the benefits of his superior activity and diligence.

APPEAL from a judgment entered upon the report of a referee, in an action to foreclose a mortgage.

*Sharpe & Winfield,* for the plaintiff.

*John Sessions,* for the defendants.

*By the Court,* BROWN, J. The plaintiff, Lydia T. Carpenter, the mortgagee, and Thomas E. Carpenter, the mortgagor, were two of the five children of Thomas T. Carpenter, late of Monroe in Wayne county, who died in 1838, leaving a considerable real and personal estate. His widow was entitled to dower in the lands, and also to interest upon the sum of $500 during her life, given her by the will, and the residue was to be divided equally amongst his five children. The lands were afterwards sold by the executors to the two sons, Alfred

and Thomas E. in severalty. Alfred gave his note with Thomas E. as surety for the sum of $750, to the plaintiff, for her share of the lands purchased by him, and Thomas E. also gave his note, with Alfred as his surety, to the plaintiff, for the sum of $742, being for her share of the lands purchased by Thomas. The notes were joint and several. To secure the widow's dower, they gave their bond to the executors, conditioned to pay three fifths of $3374.40, (that sum being one third of the purchase money for the lands,) without interest, at the death of the widow. They also gave their bond to the executors, conditioned to pay to them $500 at the death of the widow and the interest annually at the rate of six per cent, to her during life—three fifths of this latter sum being also the property of the three children of the deceased, other than Alfred and Thomas E. The widow released her interest in the lands upon the two sons agreeing to pay her $202 annually during life.

The mortgage, which it is the purpose of this action to foreclose, was given upon the lands purchased by Thomas E. Carpenter, to secure the two notes made by the two brothers to the plaintiff, three fifths of the two bonds, two notes for $300 given by Thomas E. to one James Bull, and another for $100 to Henry Pearsall. There was no proof of the debt to Pearsall, but the validity of the debt or notes to Bull was proved, as well as the payment by the plaintiff after this action was commenced. At the time the mortgage was given, the plaintiff made a parol promise to pay the bonds referred to. And she did not, nor has she since, delivered up the two notes against Alfred and Thomas E. At this time Thomas E. Carpenter and the firm of Havens, Hull & Co., of which he was a member, was insolvent, and the debt upon which the defendant Patrick C. Martin recovered his judgment was contracted. The defendants, Muran & Bonner, are also judgment creditors of the defendants' firm. The referee found, as facts in the case, that Thomas E. Carpenter executed the bond and mortgage with the fraud-

ulent purpose to hinder and delay his creditors and those of his firm. That the plaintiff, at the time of taking the mortgage, had no knowledge that Thomas E. Carpenter or his firm owed any debts besides those to his own family, arising out of his father's estate, and referred to in the evidence. That she was ignorant of his intention to hinder and defraud his creditors; and that in taking the mortgage, she was innocent of any intention to defraud the creditors of Thomas E., or those of his firm. That she was but sixteen years of age at the time of the adjustment and settlement of her father's estate, and in 1858, at the time of receiving the bond and mortgage, she had a very imperfect idea of the rights of the devisees of her father growing out of such adjustment. He also finds the age of the widow, who is still living, so that there may be some data to estimate the value of the plaintiff's interest in the two bonds. He finds as conclusions of law: That the plaintiff had a lawful right to accept the bond and mortgage as security for her interest in the two bonds, and for the sums due on the two notes of Alfred and Thomas E. Carpenter, and for the note given to James Bull. But he also concludes that she has no right to, and cannot hold the bond and mortgage to secure any part of the two bonds, beyond her own interest therein, nor for the note of Henry Pearsal, because there was no proof of the existence of such note. He estimated and ascertained the sum due to her upon the principle of these conclusions, at $2676.96 for which sum he ordered judgment, with the costs. The judgment creditors alone appeal from the judgment, so that we have no concern with the debts of Thomas E. Carpenter covered by the two bonds, or the Pearsal note which the referee excludes from the protection and benefit of the mortgage.

The question is upon the fraudulent character of the plaintiff's mortgage. Is it void on that account? It is not void because thereby the mortgagor intended to hinder and delay his other creditors, for were it an absolute conveyance,

to avoid it for fraud a fraudulent intent must be shown on the part of the grantee as well as the grantor. It would not be enough to show that Thomas E. Carpenter made it with the purpose of hindering and delaying his creditors, but the plaintiff Lydia must have participated in that purpose and received the mortgage with that intent. (*Waterbury* v. *Sturtevant*, 18 *Wend.* 353.) No such purpose can be inferred from the evidence, and the referee has found that it did not exist. Including in the mortgage debts due or alleged to be due to others, the mortgagee at the same time giving her parol undertaking, will not of itself make the mortgage fraudulent *per se*. In connection with other circumstances, this fact might be some evidence of a fraudulent intention, but nothing more. There are reasons to think that the plaintiff considered her parol undertaking binding upon her. Including in the mortgage the debt to become due from Thomas E. Carpenter upon the two bonds, before the time appointed for its payment, was not a fraudulent act in itself. When a creditor has two debts, one already due and payable, and the other payable at a distant day, he may take security for the payment of both from his debtor in failing circumstances without the inference or imputation of fraud. When the mortgage came to be foreclosed, the court could make such a decree in regard to sums not due as would be equitable and just. Such a fact would not impair the security. The one fifth part of the two bonds was actually the property of the plaintiff, although given to her father's executors. She had the beneficial interest, and might take all legal and necessary measures to insure its payment. The two notes were due to her, and the note to Bull she paid in fulfillment of her parol promise. What reason can be given why she had not the right to take security for their payment? A debtor in failing circumstances has a perfect right to prefer one of his creditors to another in the disposition of his estate. And a diligent creditor who secures his claim by legal proceedings, or by a voluntary arrangement with his debtor, is

entitled to enjoy all the benefits of his superior activity and diligence. As to the fact relied upon, somewhat, by the defendants' counsel, that the plaintiff still retained the two notes of Alfred and Thomas E. Carpenter and has received the interest upon that one in which Alfred is the principal, it is disposed of by the finding and judgment of the referee, when he affirms the innocence of the plaintiff of any fraudulent purpose. Besides, it is a fact of no importance or weight upon the principal question; for the notes were the primary evidences of the mortgagors' indebtedness, and the mortgage was the security.

The judgment should be affirmed with costs.

