# N. Y. COMMON PLEAS.

*Conveyance — real estate — fraud of creditors.*

WILLIAM LAIDLAW *et al.*, plaintiffs and appellants, agt. WILLIAM GILMORE and SAMUEL KISSICK, defendants and respondents.

Where a conveyance of real estate is made for a fair and reasonable consideration, the court will not be warranted in declaring the same fraudulent and void, as against the grantee, unless either fraud or a fraudulent intent be made to appear on his part as well as on the part of the grantor.

And although the grantee had accepted the conveyance with knowledge that the grantor was in embarrassed circumstances, that would not necessarily imply that he took it with a fraudulent intent.

Where it appeared that the grantee, prior to receiving a conveyance from the grantor, was a large creditor of the latter, having, in good faith, loaned and advanced to him at different times a large amount of money, *held*, that there was nothing unlawful or improper in the grantor's preferring the grantee to his other creditors, and transferring some of his property in payment of his indebtedness; and the latter had a perfect right to receive the same in satisfaction of his just indebtedness, provided no fraudulent intent entered into the transaction.

Where the amount of indebtedness of the grantor, of over $13,500, was discharged in consideration of the conveyance of the premises from him to the grantee, and where it appeared by the decided weight of evidence that said premises were not worth over $14,000 or $15,000, *held*, that this was not such inadequacy of consideration as to justify the court in setting aside the deed on that ground. (*Affirmed by the court of appeals March term*, 1874.)

*General Term, November*, 1873.

*Before* DALY, *Ch. J.*, LOEW *and* ROBINSON, *JJ.*

Laidlaw agt. Gilmore.

APPEAL from a judgment of the special term in favor of the defendants.

The facts sufficiently appear in the opinion of the court.

*David McAdam*, for plaintiffs, appellants.

*Stickney & Whipple*, for defendants, respondents.

LOEW, *J.*—This action was brought on the equity side of the court, for the purpose of having a conveyance of a house and lot of land, in West Fifty-second street, in this city, adjudged fraudulent and void, as against the plaintiffs, who are judgment creditors of the defendant, Gilmore.

Although the judgment against Gilmore was not recovered until nearly three months after he had conveyed the premises in question to his brother-in-law, the defendant, Kissick, yet the indebtedness accrued previous to the time when the transfer was made.

The judge, before whom this cause was tried, has found, as matter of fact, that at the time of said conveyance the defendant, Kissick, had no knowledge that Gilmore was indebted to any person besides himself. This finding is supported by the evidence of the defendants, both of whom were examined on the part of the plaintiffs.

But even though Kissick had accepted the conveyance, with knowledge that Gilmore was in embarrassed circumstances, that would not necessarily imply that he took it with a fraudulent intent. And, where the conveyance is made for a fair and reasonable consideration, the court would not be warranted in declaring the same fraudulent and void, as regards the grantee, unless either fraud or a fraudulent intent be made to appear on his part, as well as on the part of the grantor (*Carpenter* agt. *Muren*, 42 *Barb.*, 300 ; *Waterbury* agt. *Sturtevant*, 18 *Wend.*, 353).

In the case at bar, the learned judge has found that there was no intent to hinder, delay or defraud the creditors of Gil-

more, either in the making or acceptance of said conveyance. This the evidence authorized him to find, at least, in so far as the defendant, Kissick, was concerned. It is not disputed that the latter was a creditor of Gilmore's to a large amount, for money which he had in good faith loaned and advanced to him at different times. There was, therefore, nothing unlawful or improper in Gilmore's preferring Kissick to his other creditors, and transferring to him some of his property in payment of this indebtedness; and the latter had a perfect right to receive the same, in satisfaction of his just demands, provided no fraudulent intent entered into the transaction (*Auburn Exchange Bank* agt. *Fitch*, 48 *Barb.*, 344; *Waterbury* agt. *Sturtevant, supra*).

It is, however, urged that the consideration paid for the premises was inadequate. It is true, the witness, Henry, swears that in April, 1869, he sold an adjoining house for $22,000, and gives it as his opinion that the premises in question were worth the same. But the uncontradicted testimony of the witness, Martin, shows that property, in that neighborhood, depreciated from twenty to forty per cent between April, 1869, and November of the same year, when the conveyance to Kissick was made. He, therefore, fixes the value of the house and lot in question, at that time, at from $14,000 to $15,000.

Now, it appears from the evidence that the consideration paid by Kissick to Gilmore for said conveyance, by releasing the latter from his indebtedness to him, and assuming the payment of a mortgage and other incumbrances on the property, exceeded in amount $13,500. This consideration is not so obviously and clearly inadequate as to justify us in holding that the judge below erred in finding that the conveyance was made for nearly or quite the fair market value of said premises, and deciding that it should not be adjudged fraudulent or otherwise interfered with on that ground.

That there are suspicious circumstances in this case cannot be denied. And, although fraud need not necessarily be

Laidlaw agt. Gilmore.

proved by direct evidence, but may also be inferred from the circumstances (*Newman* agt. *Cordell*, 43 *Barb.*, 448), nevertheless, in the present case, we think they are insufficient to warrant us in finding or concluding that the grantee intended to hinder, delay or defraud the creditors of Gilmore, and more especially as the judge at special term has found that there was no such intention on his part.

The judgment should be affirmed.

DALY, Ch. J., and ROBINSON, J., concurred.

Judgment was entered for the defendants in accordance with the above opinion, and the plaintiffs appealed to the court of appeals, which court, in March, 1874, held that the judgment was correct, and affirmed the same.