## RICHARD S. VAN WYCK, RESPONDENT, *v.* LOUISA M. BAKER AND EMILE BENNEVILLE, APPELLANTS.

*Fraudulent conveyances—when grantee not affected by fraudulent intention of his grantor—when conveyance treated as a security for the amount paid—proper form of judgment.*

Although the statute against fraudulent transfers avoids a voluntary conveyance, made with intent to defraud creditors, though the grantee be innocent of any fraudulent intent, yet when the conveyance is made for a valuable considera-

tion, the title of the grantee is not affected by the fraudulent intent of the grantor not known to, or participated in by him.

When, however, the consideration is so inadequate that it would be inequitable to allow the deed to stand as a conveyance, a court of equity will treat it as a security merely for the consideration actually paid.

To authorize the court to do so, appropriate allegations must be contained in the complaint, and be supported by evidence on the trial.

The judgment in such a case should declare the conveyance to be a security only, and require the plaintiff to redeem, or leave him to his remedy against the land, or direct the sale of the land subject to the grantee's claim; a judgment directing the appointment of a receiver and a sale by him of the property, including the interest therein of the grantee, is unauthorized.

APPEAL from a judgment in favor of the plaintiff, entered upon the trial of this action by the court without a jury.

The action was brought to set aside a conveyance made by the defendant Baker to the defendant Benneville, as fraudulent. The case has already been before the General Term, the decision being reported in 10 Hun, at page 39.

*Israel Minor, Jr.,* for the appellant Benneville.

*John W. Alexander,* for the appellant Baker.

*John Gibney,* for the respondent.

GILBERT, J.:

This is a suit in equity, brought by a judgment-creditor of Mrs. Baker, to have a conveyance made by her to her co-defendant Benneville set aside, on the ground that it was made with intent to hinder, delay, and defraud creditors. The conveyance was made February 19, 1874, pursuant to an agreement made October 23, 1873. The plaintiff's judgment was recovered August 28, 1875. The justice at Special Term found that said conveyance was made and delivered with intent to hinder, delay, and defraud the plaintiff and the creditors of the grantor; that the same was fraudulent and void as to the plaintiff, and that it should be set aside and canceled as null and void. He then decided that the premises so conveyed should be sold, and that out of the proceeds of such sale the defendant Benneville should be paid the sum of $1,036, with interest from the date of said conveyance, and that out of the

balance of such proceeds the plaintiff should be paid the amount of his judgment, and the costs and disbursements of the action. Judgment was entered accordingly.

The justice did not, however, find that the defendant Benneville had notice of the fraudulent intent imputed to Mrs. Baker, or that he was in any manner privy thereto. On the contrary, the decision of the justice and the judgment, in effect, affirm the validity of the conveyance to him to the extent of the consideration actually paid by him. For the provisions for paying him out of the proceeds of the sale aforesaid could not have been directed upon any other principle. As the law affords no protection to a fraudulent grantee, such provision is equivalent to a finding that Mr. Benneville was not one of that character. Being an innocent grantee, his title could not lawfully be affected or impaired by the fact alone, that the conveyance to him was made with a fraudulent intent on the part of his grantor. Such is the express provision of the statute on this subject. (2 R. S., 137, § 5.) It avoids voluntary conveyances made with intent to defraud creditors, although the grantee was innocent of any fraudulent intent, but not conveyances made upon a valuable consideration. (*Waterbury* v. *Sturtevant*, 18 Wend., 353; *Carpenter* v. *Muren*, 42 Barb., 300.) Was the conveyance in question then made upon a valuable consideration within the meaning of the statute ? The smallest sum of money, or property of any value, is a valuable consideration sufficient to support a contract. But the Legislature evidently did not intend that the rights of creditors might be defeated in that way. Perhaps it would be more logical to regard any pecuniary consideration, however small, a valuable one, and to make the grantor's willingness to sell for a grossly inadequate consideration, of itself, notice of his intent to defraud creditors, upon the principle that whatever is sufficient to put a man upon inquiry is notice. (*Williamson* v. *Brown*, 15 N. Y., 354.) However that may be, it is clear that it is essential to the validity of a conveyance of land, as against the creditors of the grantor, that the consideration paid should be such as to show that the property was not purchased at an unconscionable under-valuation. While a deed cannot be avoided, or its legal effect impaired, because the grantee made an advantageous bargain, yet the amount of the consideration thereof

must not be grossly inadequate. If it is, and the other circumstances of the transaction are not such as to warrant the court in avoiding the deed *in toto*, it may be set aside so far as it purports to be an absolute conveyance, and be permitted to stand as a security only for the moneys actually advanced. (*Boyd* v. *Dunlap*, 1 Johns. Ch., 478; *Bigelow* v. *Ayrault*, 46 Barb., 143; Bump's Fraudulent Conveyances, 564; May on Vol. and Fraud. Alienations, 235.) But such relief cannot be afforded unless the complaint contains allegations adapted thereto, and the proof sustains them. If a grantee purchases with notice of a fraudulent intent on the part of his grantor, the deed is void, though he pays the full value of the property. If he purchases without actual notice of such fraud, but for a consideration which is so inadequate that it would be inequitable to allow the deed to stand as a conveyance, a court of equity may give it effect as a security for the consideration actually paid, upon appropriate allegation and proof. (*Clements* v. *Moore*, 6 Wall., 312; *McArthur* v. *Hoysradt*, 11 Pai., 495.) In the case before us, the complaint contains no facts on which the court could properly turn the conveyance into a security for the amount actually paid by the grantee, but it proceeds solely upon the ground of fraud on the part of both grantor and grantee. Nor does the evidence warrant the relief granted. Four witnesses testified that, in their opinion, the premises in controversy were worth, at the time of the conveyance to Benneville, $3,000. These witnesses were not experts, and they were interested in avoiding the conveyance, being creditors of the grantor. They had no special qualifications which should commend their opinions on that subject to the confidence of the court. Opposed to their evidence was the uncontroverted evidence of the actual cost of the property immediately before said conveyance was made, namely, $500 for the lot, and for the house upon it, $1,400. That the nominal value of real estate and the cost of improvements thereon have greatly diminished since 1874, is a fact of common notoriety. When Mr. Benneville purchased the property, it was incumbered by a mortgage of $500. According to his testimony, which was not contradicted or impeached, he paid for the property, over and above said incumbrance, $1,331. This latter sum was made up by discharging an indebtedness of Mrs. Baker to him for profes-

sional services, which had been liquidated and agreed upon between them a week before his purchase, and by a payment of the balance in cash. Assuming the actual cost of the property as a fair criterion of its value, Benneville purchased the property for only $69 less than it was worth, a sum quite too small to justify any interposition of the court on the ground of inadequacy of consideration.

The justice at Special Term found an inadequacy of consideration by giving full effect to the opinions of the plaintiff's witnesses on that subject, and by reducing the amount of Mrs. Baker's debt to Benneville. We think that the evidence of the actual cost of the property shows that those opinions were grossly exaggerated. Such testimony ought not to be taken without many grains of allowance. No allegation was made, and no evidence was given to show that the indebtedness of Mrs. Baker to Benneville was not actually and fairly incurred, nor that the amount thereof was exaggerated, nor that the items composing the same had been overcharged, nor that the whole amount thereof was not justly due. In the absence of such allegation and evidence, we think that the court had no power to reduce the amount at which such indebtedness was adjusted.

Upon the whole, we are of opinion that a judgment impairing the effect of the conveyance is not warranted by the facts. In any point of view, the form of the judgment is erroneous. The proper judgment for the relief awarded would be to declare the conveyance to be a security only and require the plaintiff to redeem, or leave him to his remedy upon the land, or to sell the land subject to Benneville's interest. I know of no authority for ordering a compulsory sale of his interest.

The judgment should be reversed and a new trial should be granted, with costs to abide the event.

BARNARD, P. J., concurred; DYKMAN, J., not sitting.

Judgment reversed and new trial granted, costs to abide event.