DAVID R. GINN *vs.* EDWARD E. BROWN *et al.*

A. filed a bill in equity to subject to his claim as creditor B.'s interest in the estate of B.'s deceased father. A.'s bill described B. as formerly of this State, now commorant in Massachusetts, as insolvent, and without attachable property, but did not aver that B. was non resident in Rhode Island, and that service of legal process could not be made on him, nor did it aver the value of the father's estate over debts and expenses of administration in the hands of the Rhode Island administrator.

On demurrer to the bill :

*Held,* that in the absence of the above averments the bill could not be sustained.

*Semble,* that with averments showing the debtor to be non resident, with no legal assets subject to attachment in this State, and service of legal process on him to be impossible, the bill, under *Merchant's National Bank* v. *Paine,* 13 R. I. 592, would be good.

A debtor's insolvency does not dispense with the necessity of obtaining judgment against him at law before resorting to equity.

*Query.* Whether a debtor's insolvency will dispense with the issue and return of an execution before resorting to equity.

BILL IN EQUITY to establish a lien. On demurrer to the bill.

*June* 28, 1884. MATTESON, J. This is a bill in equity to subject the interest of the respondent Brown in the estate of his deceased father to the payment of a claim of the complainant. It alleges that said respondent is justly indebted to the complainant for medical services rendered and for medicines supplied to him and his family by the complainant, and at his request, in the sum of $423.85 with interest, according to the account annexed to the bill, which account said respondent has often admitted to be due and owing from him to the complainant, and has often promised to pay the complainant; that Henry Brown, late of Woonsocket, was the father of said respondent, and that he has recently died at Woonsocket, leaving personal estate to the value of six hundred dollars, more or less; that the respondent Ballou has been duly appointed administrator of the estate of said deceased by the Probate Court of Woonsocket, and has duly qualified himself to act as such; that the respondent Brown is the sole heir at law and next of kin of the deceased, and entitled to the whole of the estate of the deceased after the payment of his just debts, funeral expenses, and the costs and expenses of settling his estate; that the respon-

dent Brown is and has been for a long time utterly insolvent, and has not, either in the State of Massachusetts, or in this State, any property or estate which the complainant can reach by attachment or execution, and that a judgment of a court of law could not be satisfied, but would be worthless. The bill prays that the court may order, adjudge, and decree, that the funds and estate in the hands of said administrator, or which shall come to his hands as such, and all interest of said respondent Brown in said estate, may be applied to the payment of said indebtedness, and that a lien upon said assets may be declared thereon in favor of the complainant, and that when said estate is distributed the complainant's claim shall be paid out of the same, and for general relief.

The respondent Brown has demurred to the bill. He contends that at law property in the hands of an administrator to which a defendant will be entitled as a distributee of an intestate's estate, after settlement of the administrator's account and an order of distribution, cannot be reached by attachment until such settlement and order have been made ; that this proceeding is in the nature of an equitable attachment, an attempt to accomplish in equity that which cannot be done at law ; that equity follows the law, and, therefore, the court has not jurisdiction to grant relief.

The maxim that equity follows the law is liable to many exceptions. It cannot be affirmed, generally, that where there is no remedy at law in a given case, there is none in equity. Indeed, it is not unusual for courts of equity to entertain jurisdiction and give relief whenever the principles by which the ordinary courts are guided in their administration of justice give a right, but from some defect in their modes of proceeding such courts can afford no remedy, or cannot give so complete a remedy as the courts of equity. It is upon this principle of a defect in the mode of proceeding at law that the jurisdiction of many causes has been transferred from the courts of law to those of equity. We do not think that the maxim is applicable to the present case.

The complainant's counsel has referred us to no case in which the jurisdiction has been exercised, nor have we been able to find any case in which the question of jurisdiction has been expressly passed upon. In *McArthur* v. *Hoysradt*, 11 Paige, 495, 496, the right of a judgment creditor, whose execution had been returned

unsatisfied, to maintain a creditor's bill against the judgment debtor to reach the interest of the latter in the estate of his deceased father, was recognized, and the bill sustained. So, also, in *Brown* v. *Lang, Adm'x*, 14 Ala. 719, 721–723, in which an administratrix and codistributee of an estate having wasted and misapplied a considerable portion of the assets, and having conveyed by deed all her right, title, and interest in the estate to her children and codistributees, and in which a judgment creditor of the administratrix filed his bill for an account and settlement of the estate, praying also that the deed be set aside and the share of the administratrix in the estate be subjected to the payment of his judgment, the court recognized the right of the creditor to his lien upon the share of the administratrix as a distributee of the estate, although they held that, in the absence of fraud, the codistributees had, under the deed, a prior lien. And see, also, *Lang et al.* v. *Brown*, 21 Ala. 179, 188. No reason occurs to us why we should not exercise jurisdiction in a case like the present, and we should, therefore, be inclined to grant relief if the bill were, in other respects, sufficient.

It is a general rule that a creditor's bill cannot be maintained until judgment has been obtained at law and execution has issued and been returned unsatisfied, the reasons being that legal claims should be first adjudicated in courts of law, the tribunals in which such claims are properly cognizable, and that the legal remedies should first be exhausted. The bill before us does not set forth that judgment at law has been obtained by the complainant, and that execution has issued and been returned unsatisfied, nor any sufficient reason for the absence of those averments. In *Merchants' National Bank* v. *Paine*, 13 R. I. 592, a debtor had absconded, without leaving legal assets which could be attached, so that no judgment at law could be obtained against him. It was held that his creditors were entitled to proceed against his equitable assets to satisfy their legal claims. The doctrines of that case are as applicable to a non resident debtor, having no legal assets within the State, and on whom service of legal process cannot be made for the purpose of bringing suit and obtaining judgment at law, as to an absconding debtor. *Scott* v. *McMillen*, 1 Litt. 302, 305 ; *Kipper* v. *Glancey*, 2 Blackf. 356–358 ; *Peay* v. *Morri-*

*son's Executors,* 10 Gratt. 149, 157, 158. The present bill, although describing the respondent Brown as "formerly of Woonsocket in said County of Providence, commorant of Waltham, Middlesex County, in the State of Massachusetts," does not aver that he is a non resident of this State and that service of legal process cannot be made upon him, but only that he is insolvent, and has not, either in the State of Massachusetts or in the State of Rhode Island, any property or estate which the complainant can reach by attachment or execution, and that a judgment of a court of law could not be satisfied, but would be worthless. These allegations were apparently intended as an excuse for not having obtained a judgment at law, and for not having caused execution to be issued and returned thereon. But, as we have remarked already, the reason of the rule requiring judgment to be obtained at law is, that legal claims are properly cognizable in the first instance only in courts of law. Mere insolvency, therefore, does not dispense with the necessity of obtaining a judgment before a resort to equity. Whether or not it will dispense with the necessity for the issue and return of an execution is a question upon which the cases are conflicting. The affirmative is held by *Tabb* v. *Williams,* 4 Jones Eq. 352, 353 ; *Turner et al.* v. *Adams,* 46 Mo. 95, 99 ; *McDowell* v. *Cochran,* 11 Ill. 31, 33 ; *Postlewait* v. *Howes,* 3 Iowa, 366, 383. The negative by *Brinkerhoff* v. *Brown,* 4 Johns. Ch. 671, 687 ; *McElwain* v. *Willis,* 9 Wend. 548, 560, 566 ; *Screven* v. *Bostick,* 2 McCord Ch. 410, 416 ; *Parish* v. *Lewis,* Freem. Miss. 299, 306.

The bill is also defective in that it does not aver the value of the estate of the deceased over and above the amount of his debts, funeral expenses, and expenses of administration, so that it may appear that the respondent Brown has an interest in the assets in the hands of the administrator, to be reached by the suit.

As the bill stands the demurrer must be sustained.

*Decree accordingly.*

*Nathan W. Littlefield,* for complainant.

*Page & Owen,* for respondent Brown.