BROWN v. LANG, ADM'X.

1. An administratrix, and co-distributee of an estate, having wasted, and misapplied a considerable portion of the assets, conveyed by deed, all her right, title, and interest in the estate, to her children, and co-distributees. A judgment creditor of the administratrix, filed his bill for an account and settlement of the estate, and praying that the deed be set aside, and the share of the administratrix in the estate be subjected to the payment of his judgment. Held, that in the absence of fraud, the co-distributees, had under the deed, a prior lien on the share of the administratrix as distributee, to the lien of the creditor.

Error to the Court of Chancery sitting at Mobile. Before the Hon. A. Crenshaw, Chancellor.

THE bill was filed by the plaintiff in error, and alledges, that at the request of Willis Lang, of the firm of Lang & McRae, he became the indorser of a note for the sum of $1,225 for the said firm. That before the maturity of the note, Willis Lang died, and at the instance of Cátharine Lang, he indorsed, for the renewal of the said note in bank. That suit was brought thereon against himself and Mrs. Lang, and judgment obtained, which he has been compelled to discharge.

The bill then charges that Catharine Lang, has administered on the estate of Willis Lang. That the value of the personal estate was $13,071, besides a considerable real estate. That the administratrix has made no settlement, but it is charged in the bill, that the estate is ample to pay off all the debts, and leave a large sum for distribution. That a judg-

ment which he has obtained against Mrs. Lang, has been returned no property found, and that to avoid the payment of this debt, and prevent it from being a charge against the estate, has by deed conveyed to her children, the heirs of Willis Lang, all her right, title, and interest in and to the estate of her late husband, and charges the deed to be fraudulent and void. It is also alledged that McRae, the partner of Lang, is insolvent. That Mrs. Lang refuses to settle in the orphans' court, that the amount of her share of the estate may be ascertained. The prayer of the bill is, that she be required to state the account, and that her portion of the estate be subjected to the payment of his debt—that the deed to her children be set aside. The children are made parties to the bill, together with the administratrix.

The administratrix, and the other defendants, deny that she is entitled to any portion of the estate. That she has wasted, and misapplied the assets, and is indebted to the estate upwards of $10,000, which is more than her share of the estate. They deny all fraud in the execution of the deed, and insist that it was made to secure them against loss from the waste of the assets by the administratrix. The answers contain an account of the assets, expenditures, &c.

The court considered the lien of the distributees as superior to that of the complainant, and offered the complainant an account, to ascertain the interest of Mrs. Lang in the estate, but declined to set aside the deed until such account was taken.

This decree is now assigned as error.

PHILLIPS, for plaintiff in error.
LOCKWOOD, contra.

COLLIER, C. J.—The bill substantially alledges, that the estate of the intestate, Willis Lang, can pay off all demands against it, and leave a large fund for distribution among those entitled by law ; that the administratrix could have paid the complainant's judgment, and received a credit therefor in the settlement of the estate, but instead of doing so, she has put him at defiance, and conveyed all her interest in the estate to her children, by a deed, in which the only consideration re-

cited is "love and affection." It is averred that this deed is fraudulent, and was intended to protect the share of the administratrix in the estate against the complainant and other creditors. The bill prays that the administratrix may state an account with the intestate—that the deed be set aside, and such relief as is appropriate be granted.

The administratrix and her co-defendants deny that she is entitled to any share in the estate; affirm that she has wasted or misapplied the assets beyond the amount of her interest; and that the other distributees have a lien upon the portion which she would have been entitled to, if she had properly administered—deny that the deed referred to in the bill was intended as a fraud upon the complainant or any one else, but insist that it was designed as an indemnity to the beneficiaries therein named, for the waste of the administratrix. The answer of the administratrix states the assets of the estate, receipts, disbursements, &c.

The answers we see contain a denial of all fraud in the relinquishment by the administratrix to her children of her interest in her husband's estate, and are equally explicit in denying, that irrespective of the deed, she would be entitled to any portion of it, upon final settlement with the orphans' court. Conceding that the consideration of "love and affection" would not support the deed as against the Bank of Mobile, the original creditor, and that the complainant having paid the debt as a surety, is entitled to stand in the same situation as the bank did: and still upon the bill, answer and exhibits, the court of chancery could not assume that the administratrix was entitled to a full distributive share of her husband's estate, and refer it to the register to ascertain the amount of the complainant's demand. This conclusion is negatived by the answers, and thus far they are responsive, and in the absence of proof, must be taken as true. We may then place out of view the deed, without stopping to inquire whether it can be supported by proof of a valuable consideration, and rest the decree of the chancellor upon the paramount lien of the co-distributees of the intestate's estate, upon the share of Mrs. Lang.

When this case was here at a previous term in a different

91

form, we said that the plaintiff might in equity coerce a settlement of the intestate's estate, cause its division and distribution, and obtain a decree for the appropriation of the interest of the administratrix to the extent of his advance. "If upon the settlement, nothing should appear to be due to the administratrix, although she may have wasted the estate, the plaintiff would not be entitled to recover any thing: the more especially as the sureties in her administration bond, who are entitled to equal favor, would be answerable for her default. This conclusion is enforced by the consideration that the intestate's estate was not the debtor of the plaintiff, but its administratrix was, and through her only, as its distributee, can it be resorted to." The concession of this equitable right was made upon the hypothesis that Mrs. Lang was insolvent, or rather had no estate that could be reached by execution—a supposition which seems to be founded in truth. Brown v. Lang et al. 4 Ala. Rep. 50.

The judgment in favor of the plaintiff gave him no lien upon the unascertained share of Mrs. Lang in the estate of her deceased husband. His rights could only be asserted in equity, and a lien could not attach in his favor, until after the institution of his suit in that forum. Whether the sureties in the bond of the administratrix are solvent and able to respond for her default, is an immaterial inquiry; for however this may be, even if the other distributees, as such, have no rights superior to the plaintiff's, they may interpose the claim of the sureties that the estate shall be legally administered, and prevent a recovery, unless the amount wasted shall be first replaced." But we would remark, by the way, that we are by no means sure that the distributees may not rest their lien upon their right to insist upon a proper administration, irrespective of the interest of the sureties.

We need not stop to inquire what credence should be accorded the exhibits which accompany Mrs. Lang's answer, showing the real and personal estate of her intestate—the receipts, disbursements, &c. This question will arise before the register, and may come before the chancellor, upon exceptions to the report; and when it has been definitively adjudicated in the primary court, can be here revised.

In this view of the case, we cannot conceive, upon what

grounds the chancellor could have decided that the distributive share of Mrs. Lang was primarily liable to satisfy the plaintiff's judgment. It was perhaps questionable whether, as the *gravamen* of the bill was denied by the answer, it should not have been dismissed ; but upon this question, we do not even intimate an opinion. We think, however, that upon the case as presented, no decree could have been made more beneficial, than that before us; and it remains but to add, that it must be affirmed.