# Norman *et al. v.* Harrington, Ex'r.

### *Bill in Equity to Subject Lands.*

1. *Vendor's lien ; when created.*—If one tenant in common sells to another an undivided interest in the lands held by them in common, the vendor has a lien on the interest sold, for the unpaid purchase money.

2. *Statutory separate estate ; what within husband's power of investment.*—A purchase of land by husband and wife, the latter having a statutory separate

estate, in the name and for the use of the wife, is not without the scope of the husband's power of investment over such estate ; and if the purchase money be not paid, the vendor has a lien, which may be enforced by a sale of such lands; and the wife is not entitled to be first reimbursed out of the proceeds, the monies of her statutory separate estate used in making part payment of the purchase money.

3.   *Partition by tenants in common ; vendor's lien on, to what attaches.*—Where, on partition between tenants in common of lands, in which each was seized of an undivided half interest, one is allotted more than his share in acreage and value, executing his note therefor to the other, such co-tenant is a vendor as to such excess in value, but his lien attaches only as to such excess, and not to the entire tract allotted ; and the particular land in excess not having been ascertained, but the number of acres in excess, in which the vendor parted with his half interest, being determinable from the price agreed to be paid, the vendor is entitled to a lien on one-half interest, or such a number of acres, equivalent to a lien on half that number of acres of the average value of the land allotted the vendee.


APPEAL from Colbert Chancery Court.

Heard before Hon. H. C. SPEAKE.

This was a bill filed by the appellee, Sam'l J. Harrington, as the executor of Benjamin Wilson, against the appellants, Jane L. Norman and Felix G. Norman, her husband, and sought to subject certain lands then in the possession of appellant, and claimed as part of her statutory estate, to the payment of certain notes made by the appellants to his testator.   The material facts may be thus stated :   In the year 1857 Benjamin Wilson and Felix G. Norman purchased a large tract of land from one Malone, who, in 1862, made a joint deed to them.   Afterwards, in 1866, by agreement of Wilson, this deed was surrendered to Malone, who executed a joint deed to Wilson and Jane L. Norman, it being understood that the land had been paid for with money which formed part of the statutory separate estate.   In 1865, Norman and wife and Wilson entered into a written agreement to divide the lands, under which the lands were divided, and their value ascertained by two disinterested persons. The larger and more valuable portion of the lands were assigned to Norman and wife, and soon after they took possession of the portion assigned to them.   To pay Wilson for the difference in the value of the lands, Norman and wife executed to him on the 16th day of September, 1865, three promissory notes, each for the sum of thirteen hundred and eighty dollars, payable with interest from date, in one, two and three years.   These notes recite that they were given for difference in value of the two portions of land as divided. This agreement was not witnessed or acknowledged, and in 1870 a copy of it was regularly acknowledged by Norman and wife, and about this time they made a deed to Wilson for the part assigned to him.   No deed was ever made by Wilson to Norman or his wife, and the notes given by them

in 1865 were never paid. In the division as made under the agreement in 1865, the whole tract of nine hundred and seventy-six acres was valued at twenty dollars per acre, and the notes then given were for the excess in quantity at that price.

The Chancellor decreed that the undivided half interest in the land so assigned to Norman and wife was liable to the payment of the notes made to Wilson, and made an order of sale. From this decree Norman and wife appeal.

J. B. MOORE, for appellants.

WATTS & SONS, contra.

STONE, J.—A sale by one tenant in common to another, of an undivided interest in lands held by them in common, arms the vendor with a lien on the interest sold for the unpaid purchase money.—*Relfe v. Relfe*, 34 Ala. 500; *Buford v. McCormick*, 57 Ala. 428, and a purchase of lands by husband and wife, the latter having a statutory separate estate, in the name, and for the use of the wife, is not without the scope of the husband's powers of investment over the wife's property so held; and if the purchase be on credit, the vendor has a lien on the land sold, for the amount of the purchase money that is not paid.—*Marks v. Cowles*, 53 Ala. 499; *Sterrett v. Coleman*, December term, 1876. It results from these principles that the complainant below was entitled to relief.

In the measure of relief the Chancellor erred. The transaction and trade between Wilson and Mrs. Norman, of date August 15th, 1870, were not simply a purchase by the latter of an undivided half interest in the lands lying south of the agreed dividing line. It was, in part, a partition by agreement. To the extent that Wilson's interest south of said dividing line equalled Mrs. Norman's interest in the tract north of the line, there was no sale or purchase. This was partition only to the extent that the portion allotted to Mrs. Norman, exceeded in value the partition allotted to Wilson. Did she become a purchaser from him of the undivided half interest? Wilson, the vendor, has a lien only on the interest which he sold. Taking the notes given as a guide, the actual purchase was of an undivided half interest in 414 acres, if the purchase price was twenty dollars per acre, as it seems to be. The location of that 414 acres is unascertained, because that part of the land was undivided. The entire tract was 976 acres, according to the deed. The interest liable to·

the debt is one-half of 414 acres, equal to 207 acres of the average value of the lands allotted to Mrs. Norman.

Reversed and remanded, to be proceeded in according to the principles of this opinion.