# Jones & De Pras *v.* Robinson.

*Bill in Equity by Administratrix, for Settlement and Distribution of Estate under Voluntary Agreement, and to enforce Vendor's Lien on Land; Cross-Bill for Foreclosure of Mortgage.*

1. *Vendor's lien; when mortgagee may claim protection against, as purchaser without notice.*—When the heirs and distributees of an intestate's estate voluntarily make an agreement among themselves for a division of the lands, each executing to the administratrix his note for the agreed value of the land allotted to him, to be paid and adjusted on final settlement of the estate, liens being retained and declared on each one's portion for his indebtedness; although the agreement is not recorded, the administratrix may enforce a vendor's lien against one portion of the

[Jones & De Pras v. Robinson.]

land, as against a mortgagee of the heir to whom it was allotted, to the extent of the interest acquired by him under the agreement; but, as to the interest therein inherited by the mortgagor, the mortgagee may claim protection as a purchaser without notice, if he is also a purchaser for value.

2. *Same; when mortgagee is purchaser for value.*—A mortgage, when given only to secure an antecedent debt, does not entitle the mortgagee to protection in equity as a purchaser for valuable consideration; but, when given to secure a debt contemporaneously contracted, or in consideration of the extension of an antecedent debt, this makes a valuable consideration, and entitles the mortgagee to such protection.

3. *Answer as cross-bill between co-defendants.*—The answer of one defendant may be taken and considered as a cross-bill, as against the complainant in the original bill (Code, §§ 3801–02), but not as against another defendant, against whom it prays affirmative relief; yet, if the complainant answers it as a cross-bill, without objecting to the irregularity, all objection to it is thereby waived, and the irregularity is not available on error.

APPEAL from the Chancery Court of Madison.

Heard before the Hon. N. S. GRAHAM.

The original bill in this case was filed on the 11th September, 1879, by Mrs. Caroline P. Robinson, as administratrix of the estate of her deceased husband, William Robinson, against the children and heirs of said decedent; and prayed a settlement of her administration, a distribution of the estate, a ratification of an agreement for the partition of the lands voluntarily executed by and between the several heirs, and the enforcement of a vendor's lien, in favor of the complainant, against a tract of land which, by the terms of the partition, was allotted to James P. Robinson, one of the children; and the general prayer, for other and further relief, was added. Winston Jones and J. A. DePras, surviving partners of the late mercantile partnership of J. W. Jones & Co., and John L. Rison, as trustee for their benefit, were also made defendants to the bill, on account of an interest which they asserted in the land, under a mortgage or deed of trust executed by said James P. Robinson subsequently to the agreement for partition.

William Robinson died, intestate, prior to July 21st, 1852, and letters of administration on his estate were on that day granted to John Robinson and James B. Robinson; and in December, 1858, they having made a final settlement of their administration, and resigned, letters of administration *de bonis non* were duly granted to the complainant in this case. The decedent left a large estate, consisting partly of lands, some of which were situated in Madison county, Alabama, and some in Noxubee county, Mississippi; and his five children were his heirs at law. The agreement for the partition of the lands, which was dated November 22d, 1869, signed by the widow and children (the husbands of the two daughters joining with their wives), and attested by two witnesses, recited that the parties,

[Jones & De Pras v. Robinson.]

" with a view to final settlement and distribution of the estate of said William Robinson, have agreed, and do hereby agree as follows :" (1.) "That in lieu of dower in the real estate of said William Robinson, situated in Madison county, Alabama, the said Caroline P. Robinson, the widow, shall take and hold in fee simple " certain lands particularly described ; and the other parties to the agreement "hereby release, remise, and forever quit-claim unto the said Caroline P., her heirs and assigns, all the right, title, claim and interest, in and to the real estate aforesaid, vested in them respectively as heirs at law of said William Robinson." (2.) That as to the plantation in Mississippi, which the widow as administratrix had cultivated during the year 1866, the heirs elect to charge her with the crops raised. (3.) That a sale of the lands of the estate, made by the administratrix in October, 1869, "shall be set aside and annulled." (4.) That Mrs. Mary K. Burritt, one of the heirs, the wife of A. R. Burritt, "shall take and receive the following lands," describing them, " at and for the sum of $5,415." (5.) That Mrs. Fannie J. Ridley, the wife of Jas. L. Ridley, " shall take and receive the following lands," describing them, " at and for the sum of $15,226.13." (6.) That James P. Robinson " shall take and receive, for himself, the following lands," being the lands involved in this suit, which he afterwards mortgaged to J. W. Jones & Co., "at and for the sum of $11,546.66." (7.) That Charles T. Robinson " shall take and receive the following lands," describing them, " at and for the sum of $12,081.76. The lands hereinbefore mentioned are all situate in Madison county, Alabama; and the said parties hereby covenant and agree, that they will execute and deliver to each other all proper conveyances of the lands, herein and hereby agreed to be taken and received." (8.) That the said Burritt and wife, Ridley and wife, James P. and Charles T. Robinson, " shall each execute to the said Caroline P. Robinson, as administratrix of said William Robinson, their several promissory notes for the respective sums at which it is agreed that they shall respectively take said land, and which notes shall be payable at twelve months. For the payment of the said notes said lands shall be bound, and a lien thereon is here now created—that is to say, the lands of each one are bound for the payment of the notes made by him or her. Said notes, however, are not to be paid until a final settlement of the estate of said William Robinson, and an equalization of the advances and accounts of each of said heirs shall have been made, and the application of whatever balance is due each heir shall have been applied to the payment of the note of each heir." (The other stipulations of the agreement relate to the lands in Mississippi, and other matters having no connection with the subject of this suit.)

As to the mortgage or deed of trust afterwards executed by said James P. Robinson, on the land allotted to him by the agreement for partition, to J. W. Jones & Co., or to John L. Rison as trustee for them, the bill contained these averments : "On March 28th, 1876, said James P. Robinson executed a deed of conveyance of the lands in Madison county so received and taken by him under said agreement, to John L. Rison, in trust, to secure an indebtedness of said James P. to Joel W. Jones & Co., of Mobile, a firm composed of Joel W. Jones, John A. DePras and Winston Jones, of whom said J. W. Jones has since died, to the amount of $7,977.53 ; which said mortgage is on record in the proper office in said county of Madison, and there is no entry of record of the satisfaction thereof." The bill further alleged, also, that said James P. Robinson executed and delivered to the complainant, as administratrix, his promissory note for $11,686, as *per* the provisions of the agreement for partition, of even date with the agreement, and payable twelve months after date, which was made an exhibit to the bill ; that the complainant had afterwards made a voluntary settlement with said Charles T. Robinson, Mrs. Burritt and Mrs. Ridley, executing mutual releases ; and that (*par.* 11), "crediting said distributees respectively with their shares of the several distributions made by" the administrators in chief, the administrator appointed in Mississippi, "and your oratrix, and the valuation of the lands of said estate, and charging them with the payments made to them in money, and the agreed valuation of the lands taken and received by them, with interest to January 1st, 1879, there will be due to your oratrix, from the defendant  .  .  .  James P. Robinson, $7,043.93, with interest from January 1st, 1879 ; for the payment of which your oratrix claims a lien on the said lands in Madison county, Alabama, taken and received by him under said agreement of November 22d, 1869."

Jones and DePras, as surviving partners, filed a joint answer to the bill, in which they thus set up their mortgage : "It is true that, on the 28th March, 1876, said James P. Robinson executed a deed of conveyance to John L. Rison, in trust, to secure an indebtedness by him to Joel W. Jones & Co., a firm of which these defendants are the surviving partners, to the amount $7,977.53 ; and the lands upon which said mortgage was taken are the same lands described in said alleged articles of agreement, as having been received by said James P. Robinson ; but these defendants aver that, at the time said mortgage was executed to their said firm, neither they, nor any member of their said firm, had any knowledge, information, belief or suspicion that said lands were incumbered by any charge or lien whatever ; and they deny that any lien or incumbrance

existed on said land at the time, and aver that, if any such lien was attempted to be created as alleged in said bill, it can not affect their rights as *bona fide* mortgagees of said lands, without notice of any lien or incumbrance thereon. Said mortgage was duly recorded, as alleged, and no part of the debt thereby secured has ever been paid or satisfied. Defendants further allege that said mortgage, so executed to them by said James P. Robinson, constitutes a lien upon the lands thereby conveyed, paramount and superior to the lien claimed by complainants to have been created thereon ; and defendants allege that said James P. Robinson is insolvent." They prayed that their answer might be taken and considered as a cross-bill ; that their mortgage might be declared a first lien on the lands, and foreclosed by sale, and that they might have a personal decree against said James P. Robinson for the residue of their debt.

An answer to the cross-bill, thus filed, was filed by Mrs. Robinson, the administratrix, and the several children and heirs, jointly, in which, admitting the execution of the mortgage or deed of trust to Rison, they averred that " said indebtedness therein recited was pre-existing, and was not contracted at the time of the execution of said deed, nor in consideration or expectation of the execution of said deed, and said indebtedness has been fully paid and discharged ; " also, "that the only interest said James P. Robinson ever had, in or to said lands, is a legal title to an undivided one-fifth by descent from said William Robinson, and an equitable title to the whole under and by virtue of said agreement of November 22d, 1869."

On final hearing, on pleadings and proof, the chancellor held that the complainant, as administratrix, was entitled to a prior lien on the lands, for the full amount due on James P. Robinson's note, with interest, citing *Bankhead v. Owen*, 60 Ala. 467 ; and the amount due on both of the debts having been ascertained by the register under a reference, and the report confirmed without objection, he ordered the lands to be sold by the register, and the proceeds of sale to be appropriated to the payment of the amount due to the complainant ; the balance, if any, to be retained and appropriated as a payment on the debt due to said Jones and DePras ; and the costs were adjudged against said James P. Robinson, Jones, and DePras.

From this decree Jones and DePras appeal, and here assign as error the decree giving complainant a prior lien on the lands, the dismissal of their cross-bill, and the decree imposing the costs on them.

HUMES, GORDON & SHEFFEY, for appellants.—(1.) One of the notes secured by the appellants' mortgage was given for advances then made and to be made, and the other was given for

[Jones & De Pras v. Robinson.]

an existing debt which was extended. As to both of said debts, then, they occupy the position of purchasers for valuable consideration, and are entitled to protection against an equitable claim or lien of which they had no notice.—*Thurman v. Stoddard*, 63 Ala. 336; *Thames v. Rembert*, 63 Ala. 561; *Cook v. Parham*, 63 Ala. 456; *Whelan v. McCreary*, 64 Ala. 320; *Life Insurance Co. v. Randall*, 71 Ala. 220. (2.) At the time this mortgage was executed, James P. Robinson was in undisputed possession of the land, claiming the entire and absolute interest; having inherited an undivided one-fifth interest, and acquired the remaining four-fifths under the agreement for partition, which had never been recorded, and of which appellants had no knowledge, notice, or suspicion. As against their mortgage, procured by his representations as to his estate and title, a claim under the unrecorded agreement can not prevail.—*Burns v. Taylor*, 23 Ala. 255; *Stone v. Britton*, 22 Ala. 543; *Blakeslee v. Life Insurance Co.*, 57 Ala 206; *David v. Shepard*, 40 Ala 587; *Guthrie v. Quinn*, 43 Ala. 561; *Pool v. Harrison*, 18 Ala. 514; *Hendricks v. Kelly*, 64 Ala. 388; *Huralson v. George*, 56 Ala. 295; *Jones v. Reese*, 65 Ala. 134; *Turner v. Flinn*, 72 Ala. 532.

CABANISS & WARD, *contra.* – (1.) As against the legal title, a plea of *bona fide* purchase for value is not available. Although James P. Robinson inherited an undivided one-fifth interest in the lands, he only held an equitable title to the remaining four-fifths under the agreement for a partition; and the appellants are charged with notice of this agreement, though they deny notice, and require proof of the execution of the agreement. (2.) Without a sale of the lands under the agreement, James B. Robinson's interest as an heir would have been subject to his indebtedness to the estate on account of what he had received of the personal property in excess of his distributive share.—*Goodman v. Benham*, 16 Ala. 625. (3.) The mortgage was given to secure an indebtedness, the greater part of which was pre-existing, only a small part being then contracted; and this does not constitute the mortgagees purchasers for value. When debts of different grades are thus mingled, that of the lowest grade determines the character of the whole; else a small present payment or consideration would make a mortgage for antecedent debts of any amount a purchase for value. (4.) An answer can not be taken as a cross-bill, as between co-defendants.—Code, § 3801.

STONE, C. J.—So far as Mrs. Robinson's bill seeks to sell, in payment of the purchase-money, that interest in the land which James P. Robinson purchased under the agreement of

November 22d, 1869, her equity is superior to that of Jones & DePras. The title was retained in the vendors, as security for the purchase-money; and as to this interest, the plea of purchaser without notice is unavailing.—*Bankhead v. Owen*, 60 Ala. 457, and authorities cited. This includes an undivided four-fifths interest in the lands, to which James P. Robinson has never had any title. If J. W. Jones & Co. had no notice of the defect in Robinson's title, when they accepted his mortgage, it was their own fault. If they had looked into the chain of title, they would have found no evidence that it was in James P. Robinson.

When William Robinson died, owning the lands in controversy, the title descended to his heirs, five in number. James P. Robinson was one of the five, and, by his father's death, the title to one undivided fifth of the lands vested in him *eo instanti*. Any proper investigation of the title would have led to this discovery. That interest being already in him, he did not purchase it when he purchased the remaining four-fifths. As to that interest, Mrs. Robinson can assert no vendor's lien. *Norman v. Harrington*, 62 Ala. 107. If she has any lien on that fifth interest, it is by virtue of the agreement of November 22, 1869. That was a private agreement between the parties interested in Robinson's estate, of which J. W. Jones & Co. are not shown to have had any notice, actual or constructive. It follows that that firm, if they stand in the attitude of purchasers, acquired by their mortgage a lien on this undivided fifth interest, which is paramount to that of Mrs. Robinson. *Wells v. Norman*, 38 Ala. 125; *Chandler v. Tardy*, 58 Ala. 150.

The indebtedness of James P. Robinson to Joel W. Jones & Co. is evidenced by two notes; one for fifteen hundred and twenty-five dollars, dated March 2, 1876, and due November 20th, 1876. This was for supplies advanced, and agreed to be advanced during that year. The other was for over six thousand dollars, dated March 13, 1876, and due December 1, 1876. The mortgage bears date March 28, 1876. All these dates, it will be observed, are different. It is, however, averred and proved, that Joel W. Jones & Co. agreed to make to Robinson advances for that year, and, taking his note therefor, it was agreed that the said mortgage should be afterwards made to secure its payment. The larger note was but a renewal of an antecedent debt. As to this, however, it is shown that it was agreed to be extended until the December afterwards, on the like agreement, that its payment should be secured by the said mortgage. This, when the mortgage was given pursuant to agreement, constituted them purchasers as to both notes.—*Sweeney v. Bixler*, 69 Ala. 539; *M. & C. P.*

*R. R. Co. v. Talman*, 15 Ala. 472; *Kirksey v. Means*, 42 Ala. 426.

It is contended for appellee, Mrs. Robinson, that James P. Robinson had received of the personal assets of the estate largely more than his share; and that she, the administratrix, has a right to be reimbursed out of this fifth interest in the land, for such over-payment.—*Goodman v. Benham*, 16 Ala. 625; *Brown v. Lang*, 14 Ala. 719. It is a sufficient answer to this, that the pleadings do not raise the question; and if it were raised, we find no facts in the record to call for its application. James P. Robinson's deficiency is not for over-advancements, or rather over-payments made to him as a distributee. It is for the unpaid balance of the large purchase of lands, made by him in the family agreement of November 22, 1869.

It is further contended for appellee, that inasmuch as Jones & De Pras filed no separate cross-bill, but simply converted their answer into a cross-bill; and inasmuch as they pray relief against their co-defendant, James P. Robinson, they can obtain no relief under such pleading. If proper objection had been taken at the proper time, or if Mrs. Robinson had not waived the irregularity by pleading to it, or answering it as a cross-bill, this objection would be well taken. We hold, however, that by answering it, without objecting to it in the court below, all objection to the form of its presentation must be considered as waived.—*Davis v. Cook*, 65 Ala. 617; *Gilman v. N. O. & S. R. R. Co.*, 72 Ala. 566.

The decree of the chancellor must be reversed, and a decree here rendered in accordance with the principles declared above. It is therefore ordered and decreed that, of the proceeds of the land when sold, four-fifths will be paid to Mrs. Caroline P. Robinson, administratrix, until her entire claim is paid, and one-fifth to Jones & De Pras, surviving partners of Joel W. Jones & Co. Should there be a surplus left after paying Mrs. C. P. Robinson in full out of the four-fifths, that, too, will be paid to Jones & De Pras, after reimbursing to Mrs. Robinson any costs she may have to pay on proceedings in the court below, but not to include any costs of appeal.

Let the costs of the original and cross suits, incurred in the court below, be paid, one third by Jones & De Pras, and two thirds by James P. Robinson. If not paid by him, then by Caroline P. Robinson.

Reversed and rendered.