# Streety & Co. v. McCurdy, Admrx.

*Bill in Equity by Administratrix to subject Heir's Interest in Intestate's Estate to Payment of Heir's Debt to the Estate in Priority over his Debt to Judgment Creditor.*

1. *Decedent's estate; heirs have lien on lands of estate for debt thereto of a co-heir.*—Where an heir is indebted to his ancestor while living, and continues indebted to his estate after his death, the other heirs of the ancestor have an equitable lien upon the lands of decedent for the debt which said heir owes the estate, which lien is superior in equity to any right the debtor heir, or persons claiming under or through him by operation of law or otherwise, would, but for his indebtedness, have had in the descended lands.

2. *Same; administrator has right to subject intestate's lands to pay-*

[Streety & Co. v. McCurdy, Admrx.]

*ment of debt due the estate from an heir; priority of such right.*—An administrator has the right to subject lands of his intestate to the payment of a debt due by an heir of decedent to the estate in priority and in preference to the claims of a purchaser from said heir, and likewise in preference to the lien of a judgment creditor of said heir which attached to said lands on the death of the ancestor.

3. *Same; same; rights of other heirs and of purchasers or judgment creditors of the debtor heir.*—Where an heir or distributee was indebted to his ancestor in his life time, and continues indebted to his estate, such debt is an asset in the hands of the administrator of the ancestor's estate, both for the payment of the debts of the estate, and for the purposes of distribution; and those distributees who are not indebted to the estate are entitled to have the sum due from the debtor distributee collected from him, or, failing in this, to share in the assets of the estate as if such collection had been made, and the debtor distributee shares in the estate only upon the assumption of payment by him; and if his debt is equal to, or greater than, the value of one share in the distributable estate, including the claim against him, and that claim is not paid by him, he is entitled to receive nothing from the estate; and, therefore, a purchaser of his interest, or one holding a judgment, the lien of which would attach to any interest he would have had in the property of the estate, but for his indebtedness to it, acquires no right against said estate.

4. *Same; same; such right is of equitable cognizance.*—The right of the administrator, in behalf of the heirs of his intestate, who are not indebted to the estate, and the right of such heirs themselves, to set off the distributive interest of another heir indebted to the estate in the lands of the ancestor, or to subject such interest to the payment of the debt to the estate as against purchasers from such heir, or persons claiming as judgment creditors of such heir, is of equitable cognizance, and can be enforced in a court of chancery.

5. *Same; same; right of judgment creditor to attack ancestor's judgment against heir, on bill filed by administrator to subject intestate's land to payment of such debt.*—On a bill filed by an administrator to subject an heir's interest in the intestate's estate to a claim due the estate from said heir, in preference to a judgment recovered by creditors against said heir, the debt from the heir to the estate must be alleged and proved, and a judgment recovered by the ancestor, in his life time, against the heir is not conclusive proof of such debt; but the judgment creditors may, by plea or answer, deny the validity of such judgment on the ground of fraud or collusion between the parties in its rendition; and when this issue of fraud *vel non* in the judgment recovered by the intestate against the heir is properly presented by the answer of the heir's judgment creditors to the bill of the administrator, the court should not render a decree until this issue is determined; and if without first ascertaining and adjudging that the judgment attacked was valid and that there was an indebtedness from

[Streety & Co. v. McCurdy, Admrx.]

said heir to said estate, the court decrees that the complainant was entitled to the relief prayed for, such decree is erroneous.

APPEAL from the Chancery Court of Lowndes.

Heard before the Hon. JOHN A. FOSTER.

On November 22, 1889, George M. Reese died intestate, being in possession of and owner of certain real estate. The said George M. Reese died without leaving wife or issue, and left surviving him brothers and sisters. On January 7, 1890, Mrs. Georgia McCurdy, a sister of said George M. Reese, was appointed the administratrix of his estate, and entered upon the discharge of the duties of said administration. During the minority of George M. Reese, his brother, Perry Reese, was appointed his guardian. On the said George M. Reese attaining his majority, there was a final settlement of the guardianship of Perry Reese, on April 29, 1873, in which a decree was rendered by the probate court of Lowndes county in favor of the said George M. Reese against Perry Reese for the sum of $12,430. Execution was issued on this decree on October 15, 1873, upon which the sum of $1,000 was realized, and as to the balance the execution was returned unsatisfied. *Alias* executions were issued on said decree from time to time, and all and each of them were returned "no property found." On March 1, 1890, Georgia McCurdy, as the administratrix of the estate of George M. Reese, deceased, sued out a *scire facias* from said probate court, directed to Perry Reese, for the revival of said decree, and on April 14, 1890, said decree was duly revived, and execution was issued thereon on October 1, 1890. Upon this execution being returned "no property found," a copy of the decree was filed in the probate court of Lowndes county, as provided by statute approved February 28, 1887. On May 3, 1883, J. P. Streety & Company obtained a judgment in the circuit court of Lowndes county against Perry Reese for the sum of $528.32, upon which judgment there was issued, from time to time, executions, all and each of which were returned "no property found." On April 5, 1887, a duly certified copy of said judgment was filed in the office of the judge of probate of Lowndes county by J. P. Streety & Co., in accordance with the provisions of the statute approved February 28, 1887. On December 24, 1889, an *alias* execution was issued

upon the judgment of J. P. Streety & Co., and on January 28, 1890, was levied upon the interest of said Perry Reese in the real estate belonging to the estate of George M. Reese, deceased, and under that levy such interest was sold, and Streety & Co. became the purchasers thereof. Perry Reese was insolvent, and owned no property except his interest in the estate of his brother, George M. Reese, which interest is less in value than the amount of his indebtedness to the estate of George M. Reese.

Upon these facts, Georgia McCurdy, as administratrix of the estate of George M. Reese, deceased, and for herself individually, filed the bill in this case on November 2, 1891, against Perry Reese and the other brothers and sisters of the decedent and said J. P. Streety & Co. The prayer of the bill is, that the administration of the estate of George M. Reese, deceased, be removed from the probate court into the chancery court, and that the interest of the said Perry Reese in the estate of George M. Reese, deceased, be ascertained and subjected to the payment of the decree of the probate court in favor of said George M. Reese, in preference to, and in priority over, the judgment of said J. P. Streety & Co., and that the deed made by the sheriff to J. P. Streety & Co., conveying the said interest of Perry Reese in said lands be set aside, cancelled and annulled as a cloud on the title of the said lands, and also for general relief.

The respondents, J. P. Streety & Co., demurred to the bill on the ground that the complainant had a complete and adequate remedy at law This demurrer was overruled; and the respondents filed an answer to the bill, in which it is set up that, at the time the decree was rendered by the probate court of Lowndes county against Perry Reese in favor of George M. Reese, the said Perry Reese was indebted to the respondents and others, was financially embarassed and insolvent, and that said decree was collusive and fraudulent, was rendered on accounts based on fraudulent and wrongful charges, known to be such by both parties, with the intent to hinder, delay and defraud the creditors of said Perry Reese. These respondents further averred in their bill, that at the time of the death of said George M. Reese, and at the time of the levy of the execution and sale and purchase by them (said respondents), their judgment was a subsisting claim against the said Perry Reese, which was in full

force and effect, and was a valid lien on the interest and rights of the said Perry Reese in the estate of George M. Reese, deceased, paramount aud superior to the claims and rights in said estate of complainant, or of the other heirs-at-law of said George M. Reese. These respondents also alleged in their answer the recovery of their said judgment against Perry Reese, the levy of the execution, the sale and purchase thereunder as stated above.

There was testimony tending to show that the accounts which were charged against Perry Reese on the final settlement of his guardianship were worthless, and that said Perry Reese was insolvent at the time of the rendition of the decree against him by the probate court.

On the final submission of the cause, on the pleadings and proof, the chancellor, without first ascertaining and adjudging that the judgment in favor of George M. Reese, which was attacked as fraudulent, was valid, and that there was an indebtedness from said heir to said estate, decreed that the complainants were entitled to the relief prayed for, and that the administration of the estate of George M. Reese, deceased, be removed from the probate court into the chancery court; and it was further decreed that the complainant, as administratrix of said estate, was entitled "to set off whatever Perry Reese may be owing the estate of George M. Reese against whatever interest he may have therein as heir-at-law and distributee of said George M. Reese. It is further ordered that defendants, J. P. Streety & Co. have, by their executions and sale thereunder, acquired only an interest in any portion of the property of George M. Reese, which may be the share of said Perry Reese therein, after subtracting from the share of Perry Reese what he is indebted to said estate." There was ordered a reference before the register to ascertain and report the amount of the debt due from Perry Reese to the estate of George M. Reese. The respondents, Streety & Co., prosecute the present appeal, and assign as error the final decree of the chancellor.

W. R. Houghton and W. C. Griffin, for appellants. 1. The bill in this case does not allege the necessity for a sale of lands to pay the debts of the estate. The purpose of the bill is to effect a sale for partition and absorb

the interest of one of the heirs, because he is indebted to the estate. The power to intercept the descent of lands to the heirs for the purpose of paying debts of the estate has always been upheld; but the administrator has no power to intercept the descent to the heirs for the mere purpose of partition, or for working out an equity in favor of a portion of the heirs against another heir, who is indebted to the estate, in priority and preference to creditors of the debtor heir, who have fastened a lien on the latter heir's interest or acquired title.—*Calhoun v. Fletcher*, 63 Ala. 574; *Turner v. Kelly*, 67 Ala. 173; *Watson v. Martin*, 75 Ala, 506; *Gayle v. Johnson*, 80 Ala. 388; *Lee v. Downey*, 68 Ala. 98; *Owens v. Childs*, 58 Ala. 113; *Chighizola v. LeBarron*, 21 Ala. 406; *Steele v. Steele*, 64 Ala. 438.

2. When Geo. M. Reese died, his lands descended to his heirs, among whom was Perry Reese. Appellant's judgment being registered before that time, the lien was fastened on Perry Reese's interest, at the same instant it was acquired. The equitable lien of the complainants and the lien of Streety & Co. found operation at the same instance of time. In such case priority of time gives a better equity, and between equal equities the law must prevail.—*Wilks v. Harper*, 2 Barb. Ch. Rep. (N. Y.) 338; 6 Amer. & Eng. Encyc of Law, 709, 710; *Decatur C. C. Works v. Moses*, 89 Ala. 538; *Rochester v. Armour*, 92 Ala. 432; *Buchan v. Sumner*, 2 Barb. Ch. Rep. (N. Y.) 165.

3. The court below found that fraud in the settlement of the guardianship and in the decree thereon was not available to the defendants, and that such an attack could not be made by answer. This was erroneous. The equity set up in the bill arose out of the complainants' right under the probate decree. If the probate decree was void for fraud then no rights could arise from it against the creditors of him against whom the decree was rendered. The defendants had the right to set up this by plea or answer without filing a cross-bill.—*Tenn. C., I. & R. R. Co. v. Hayes*, 97 Ala. 201; *State v. Atkinson*, 9 Humph. 677; *State v. Lowry*, 1 Swan 34; *Lee v. Lee*, 55 Ala. 590; 1 Bishop, 679.

J. M. CHILTON, W. H. THOMAS, A. L. BROWN and CLEMENTS & BREWER, *contra*.—An administrator and the

[Streety & Co. v. McCurdy, Admrx.]

heirs of his intestate who are not indebted to the estate are entitled, as against an heir who is indebted to the estate and his creditors, to have the lands of the estate sold, and the debt of such debtor heir to the estate paid out of the proceeds.—*Nelson v. Murfee*, 69 Ala. 598; *Brown v. Lang*, 14 Ala. 719; *Goodman v. Benham*, 16 Ala. 625; *Austin v. Bean*, 101 Ala. 133; Pom. Eq. Juris., 542, and cases cited in note 1.

2. The defendants in this case, who claimed as purchasers under the execution issued upon the judgment recovered by them against an heir, who was indebted to the estate involved in this controversy, only acquired such interest as would remain after the lands had been subjected to all charges to which they might lawfully be subject to in the court of the administration.—*Goodman v. Benham*, 16 Ala. 625; *Brown v. Lang*, 14 Ala. 719.

3. The judgment in favor of George M. Reese, the ancestor, can not be attacked for fraud or collusion by the defendants in the present case, who claim under the defendant against whom that judgment was rendered. Bump. on Fraud. Conveyances, 509; *Baker v. Gilman*, 52 Barb. 26; *Reed v. Woodman*, 4 Me. 400; *Moritz v. Hoffman*, 35 Ill. 553, *Goodman v. Benham*, 16 Ala. 625; *Brown v. Lang*, 14 Ala. 719; *Nelson v. Murfee*, 69 Ala. 601,

McCLELLAN, J.—It may be admitted in this case that, upon the death of G. M. Reese, the lien of Streety & Co.'s registered judgment at once attached to the land which thereupon descended to Perry Reese, the defendant in that judgment, and that no lien under the decree of 1873 in favor of G. M. and against Perry Reese existed at that time in favor of the administratrix of the former's estate. But granting all this, it is the opinion of the court, that the other heirs of G. M. Reese had an equitable lien upon said land for the debt which Perry Reese owed the estate, the debt which is evidenced by the decree referred to, which lien was and is in equity superior to any right Perry Reese, or persons claiming under or through him by operation of law or otherwise, might otherwise have had in the descended lands, and, of course, superior to the title acquired by Streety & Co. through the sale of his interest in the land under their judgment. This view, which is apparently at war with the current of authority in other States, (See *Towles v.*

*Towles*, 1 Head, 601; *Mann v. Mann*, 12 Heisk. 245; *Proctor v. Newhall*, 17 Mass. 81; *Hancock v. Hubbard*, 19 Pick. 167; *Dearborn v. Preston*, 7 Allen 192) finds support in the language of opinions delivered by this court in the cases of *Brown v. Lang*, 14 Ala. 719; *Goodman v. Benham*, 16 Ala. 625, and *Nelson, Extr. v. Murfee*, 69 Ala. 598, 604, though the question was really not involved in the two first cases, and its decision was expressly pretermitted in the third. In this last case, *Nelson v. Murfee*, however, there is a direct ruling upon a collateral question which, carried to its legal consequences, must be taken as in effect an adjudication on the point involved here. The court in that case would not decide "whether, when the heir is insolvent and owes the estate of the ancestor, the administrator has any prior right to demand payment out of the lands descended, or whether it becomes a mere race of diligence between him and the other creditors of the heir;" but it did decide that where it became necessary to sell the descended lands for the payment of the debts of the estate, and a balance of the purchase money remained in the hands of the administrator after paying the debts, this balance could be retained and, to the extent of the debtor heir's original share therein, applied to the debt of the heir to the estate, not only as against the heir, but also as against a purchaser from the heir of his interest in the land even prior to the intervention of the administrator for the purposes of a sale for the payment of debts of the estate. This conclusion is, it is true, rested on the consideration that "however much money, thus acquired and held, will be treated as having the qualities of land for certain purposes of administration and sucession—*Teague v. Corbitt*, 57 Ala. 529—still, for all other purposes, it is only money, and money in the hands of an administrator;" that any process to get it out of his hands must be that adapted to the recovery of money as money, and that, therefore, when the heir, or one who has purchased from him before the land is intercepted, seeks to recover such balance, the administrator may set off against the demand any debt which the heir owed the intestate. It is clear to us that this conclusion must be rested upon a broader ground than that stated in the opinion. As the proposition is there stated, the right of the administrator to the surplus proceeds of land of the intestate sold for the payment

of debts is rested upon the mere fact of his pos-
session thereof, which results from his having, and
having exercised, the right to sell the lands and to devote
such part of the proceeds as is necessary to the payment of
the decedent's debts. This end being subserved and a bal-
ance remaining in the administrator's hands, he would
obviously have no more right to it because of his mere
possession of it than a mortgagee who sells under a
power for an amount in excess of his debt, interest and
charges would have to the surplus as against the mort-
gagor or purchaser from him. To the retention of such
surplus by either there must be some right to it other
than can be evolved out of, or rested upon, the mere for-
tuitous circumstance of possession. And hence we say
that *Nelson v. Murfee* can be sustained only upon the
theory, and must be taken to have determined, that the
administrator has a right to subject lands of his intestate
to the payment of a debt due by the heir to the estate in
priority and preference to the claims of a purchaser
from the heir and also, of course, to the lien of a cred-
itor of the heir attaching to the land on the death of
the ancestor. That such right exists in respect of per-
sonal property of the decedent all authorities agree. It
was clearly the opinion of this court, as evidenced by
dicta in the cases of *Brown v. Lang*, 14 Ala. 719; *Good-
man v. Benham*, 16 Ala. 625, and *Nelson v. Murfee*, 69
Ala. 598, *supra*, that under our statutes realty is upon
the same footing as personalty in this respect, and that
all the property of an estate—land, chattels and choses
in action alike—constitute a fund, first for the payment
of debts of the estate by the subjection thereto of the
personalty and realty in the order stated, and next, for
distribution to or division among the heirs of the resi-
due; and, as we have seen, the point *decided* in *Nelson v.
Murfee* must be rested on this consideration. And where
an heir or distributee was indebted to the ancestor in his
lifetime and continues indebted to his estate, this debt
to, this chose in action held by, the estate is assets in the
hands of the administrator both for the payment of the
debt of the decedent and for the purposes of distribution;
and both personalty and realty, including in the case
supposed the debt of a distributee to the estate, being a
common fund for equal distribution, either by allotment
or a sale and division of proceeds among all the distribu-

tees, those not indebted to the estate are entitled to have the sum due from one who is so indebted collected from him, or, failing this, they have a right to share in the assets as if such collection had been made; and the debtor distributee shares in the estate only upon the like assumption of payment by him. So that if his debt is equal to or greater than the value of one share in the distributable estate, including the claim against him, and that claim is not paid by him, he is never entitled to anything from the estate. Of course, a purchaser of his interest, or one holding a judgment, the lien of which would attach to any interest he would have had in the property of the estate but for his indebtedness to it, is in no better plight than he: such purchaser or lienor would acquire nothing because his vendor or judgment debtor had and was entitled to nothing.

It can not be doubted that this right of the administrator in behalf of the heirs, and of such heirs themselves, to set off the distributive interest of the debtor heir in the lands of the ancestor, or to subject such interest to the payment of the debt to the estate as against third persons claiming as judgment creditors of the heir, is of equitable cognizance.—*Nelson v. Murfee*, 69 Ala. 598.

Of course the existence of a debt from the heir to the estate must be alleged and proved: this fact is the basis of the relief sought. If the contest is between the estate and the debtor heir, a judgment obtained by the ancestor in his lifetime against the heir is proof of the debt, unless it is attacked in a direct proceeding by the heir and vacated. Hence it is, that in such case the validity of the judgment could not be assailable by the heir in the answer to the bill, but he would have to exhibit an original bill or a cross-bill setting up the facts upon which the claim of invalidity is rested and praying affirmative relief against the judgment. But not so when the attack upon the judgment is made by a stranger to it as are the respondents, Streety & Co., in this case, on the ground of fraud or collusion. Such strangers may attack the judgment, when it is sought to be made the basis of relief against them, collaterally, at least when it has resulted from fraud or collusion between the parties to it. And hence it is, that they are not put to the exhibition of an original or cross-bill praying that the judgment be vacated; but they are free to deny the ex-

[Beck & Pauli Lithographing Co. v. Houppert & Worcester.]

istence of the debt by plea or answer, and, where the alleged debt has been reduced to judgment, the validity of such judgment because of fraud or collusion in its rendition, because they are not estopped as a party or privy would be, and it is a fact alleged against them as a ground for the relief prayed.—*Christmas v. Russell*, 5 Wall. 290, 306; *Atkinsons v. Allen*, 12 Vt. 624; Story Eq. Pl., § 394, note; 2 Freeman on Judgments, § 336.

This issue of fraud *vel non* in the judgment recovered by the intestate against Perry Reese is properly presented in this case, therefore, by the answer of Streety & Co., and must be determined in the further progress of the cause in the court below. Until this issue is determined there can properly be no decree granting the relief prayed in the bill or adjudging that complainant is entitled to any relief, as is the effect of the decree from which this appeal is prosecuted. The chancery court erred in the decree rendered, in so far as it found and declared that complainant was entitled to relief and referred it to the register to ascertain and report the amount of the debt due from Perry Reese to the estate of George M. Reese, without first ascertaining and adjudging that the judgment was valid and that there was an indebtedness from said heir to said estate.

Reversed and remanded.